AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of Oklahoma

FILED
SEP 16 2020
Mark C. McCartt, Clerk
U.S. DISTRICT COURT

| | |
|---|---|
| United States of America<br>v.<br><br>DAVID SAMUEL BOGGS<br>*Defendant(s)* | Case No. 20-mj-313-PJC |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __June 10, 2020__ in the county of __Tulsa__ in the Northern District of Oklahoma, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C §§ 1151, 1153, and 113 | Assault Of a Spouse, Intimate Partner, Or Dating Partner By Strangling, Suffocating, Or Attempting To Strangle Or Suffocate In Indian Country |

This criminal complaint is based on these facts:
See Attached Affidavit SA, Steven McAnany, FBI

☑ Continued on the attached sheet.

_____
*Complainant's signature*

SA, Steven McAnany, FBI
*Printed name and title*

Sworn to before me and signed in my presence. by phone

Date: 9/16/2020

_____
*Judge's signature*

City and state: Tulsa, OK

United States Magistrate Judge Paul J. Cleary
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT
## IN THE NORTHERN DISTRICT OF OKLAHOMA

I, Steven McAnany, being duly sworn under oath, do hereby depose and state:

### INTRODUCTION

1. I am a Special Agent with the Federal Bureau of Investigation (FBI), and as such, I am an investigative or law enforcement officer within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516. I am currently employed with the FBI and have been so employed since November of 2012.

2. As part of my duties as a Special Agent, I investigate criminal violations relating to Indian Country crimes, to include Assaults, in violation of Title 18, United States Code, Sections 1151, 1153, and 113.

3. On or about June 10, 2020, it is my belief that a White male known as David Samuel Boggs (Boggs), (DOB xx/xx/1986), a United States citizen and a Citizen of the Cherokee Nation, Cherokee Identification number 154088 violated Title 18, United States Code, Section 113(a)(8) in that Boggs strangled and kicked a female victim, T.H., to the point that she lost consciousness. The victim, T.H. is Boggs's ex-girlfriend. The violation took place in the vicinity of the Tulsa Extended Stay Inn and Suites located at 8525 E 41st St, Tulsa, Tulsa County, Oklahoma, which lies within the Northern District of Oklahoma, and based on the ruling of the United States Supreme Court in *McGirt v. Oklahoma*, 591 U.S. ___ (2020), is within "Indian Country," as that term is defined under 18 U.S.C. § 1151.

1

## THE SOURCE OF MY INFORMATION AND GROUNDS FOR MY BELIEFS ARE AS FOLLOWS:

4. As part of this investigation, I have reviewed police reports prepared by the Tulsa Police Department (TPD), as well as witness statements.

5. At all times relevant to this Complaint, Boggs, according to the Cherokee Nation, was and is a member of Cherokee Nation.

6. On or about June 10, 2020, T.H. walked into the TPD, Mingo Valley Division to report a violation of a protection order. T.H. informed TPD that on the morning of June 10, 2020, when T.H. was leaving her room to meet up with her ride, provided by M.M., she was attacked by Boggs. A struggle ensued between T.H. and Boggs until Boggs grabbed T.H. by the neck and squeezed until T.H. lost consciousness. This occurred in the vicinity of the Tulsa Extended Stay Inn and Suites located at 8525 E 41st St, Tulsa, Tulsa County, Oklahoma, which is within the Northern District of Oklahoma and within Indian Country jurisdiction as that is term is defined in 18 U.S.C. § 1151.

7. On June 18, 2020, a witness to the June 10, 2020, incident, C.C. was interviewed by TPD. C.C. observed Boggs with his arm wrapped around T.H.'s throat and T.H. passed out. When T.H. was on the ground, Boggs kicked her in the head. If T.H.'s friend was not present, C.C. believed Boggs would have kidnapped T.H.

8. Between June 12, 2020, and June 17, 2020, TPD was contacted by T.H. regarding Boggs violating the protection order, to include: (1) knocking on her hotel room door; (2) repeatedly calling her from various telephone numbers, and (3) throwing a rock through the hotel room window.

9. On June 17, 2020, Boggs was arrested by the TPD in the vicinity of the St Francis Hospital located at 6161 S Yale Ave, Tulsa, Oklahoma, of which T.H. was a patient at the time. TPD found

2

Boggs in a vehicle that displayed tags which did not match the vehicle. A search of the vehicle was conducted with the following items being found; (1) a loaded pistol under the center console; (2) a change of clothes, (3) binoculars, (4) a wood hack saw (no other wood working tools were found); (5) an aluminum baseball bat (no other baseball or sporting equipment found), and (6) a cell phone.

10. On June 17, 2020, TPD provided Boggs his *Miranda* rights, and Boggs agreed to speak with law enforcement. Boggs stated he borrowed the car from a friend and the gun belonged to the friend. Boggs admitted to TPD that he was aware he was not to be around guns, but he did hold the pistol at some point and that it why his fingerprints could be on it.

11. The events described above, took place in Indian Country in Tulsa, Tulsa County, Oklahoma, in the Northern District of Oklahoma.

## RELEVANT STATUTES

12. 18 U.S.C. § 1151 provides:

> Except as otherwise provided in sections 1154 and 1156 of this title, the term "Indian country" as used in this chapter, means (a) all land within the limits of any Indian reservation under the jurisdiction of the United States Government, notwithstanding the issuance of any patent, and including rights-of-way running through the reservation (b) all dependent Indian communities within the borders of the United States whether within the original or subsequently acquired territory thereof, and whether or without the limits of the state and (c) all Indian allotments the Indian titles to which have not been extinguished, including the rights-of-way running through the same.

13. 18 U.S.C. § 1153 provides in pertinent part:

> (a) Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, murder, manslaughter, kidnapping, maiming, a felony under chapter 109A, incest, a felony assault under section 113, an assault against an individual who has not attained the age of 16 years, felony child abuse or neglect, arson, burglary, robbery, and a felony under section 661 of this title within the Indian country, shall be subject to the same law and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

14.  18 U.S.C. § 113(a)(8) provides:

> (a) Whoever, within the special maritime and territorial jurisdiction of the United States, is guilty of an assault shall be punished as follows:
>
>> (8) Assault of a spouse, intimate partner, or dating partner by strangling, suffocating, or attempting to strangle or suffocate, by a fine under this title, imprisonment for not more than 10 years, or both.

## CONCLUSION

15.  Based on the information set forth in this affidavit, I submit there is probable cause to believe that David Boggs has violated 18 U.S.C. Sections 1151, 1153, and 113(a)(8) Assault of a Spouse, Intimate Partner, or Dating Partner by Strangling, Suffocating, or Attempting to Strangle or Suffocate in Indian Country.

_____
Steven McAnany, Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me on the 16th day of September, 2020. *by phone*

_____
PAUL J. CLEARY
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF OKLAHOMA

4